**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SILEYMANE D.,

Petitioner,

v.

WARDEN, Kandiyoshi County Jail; FIELD OFFICE DIRECTOR, ICE, St. Paul Field Office; DAVID VENTURELLA, Senior Official Performing Duties of Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of Homeland Security, and TODD BLANCHE, United States Acting Attorney General,

Respondents.

Case No. 26-CV-2794 (NEB/DJF)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Sileymane D. is currently in the custody of Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(2) pending the outcome of his ongoing removal proceedings. He petitions for a writ of habeas corpus seeking release from custody or a bond hearing. (ECF No. 1 ("Pet.").) In a Report and Recommendation ("R&R") dated August 3, 2026, United States Magistrate Judge Dulce J. Foster recommends that this Court grant in part and deny in part Sileymane D.'s petition and order a bond hearing. (ECF No. 11.) Respondents object. (ECF No. 12.) Because the Court agrees that the Due Process Clause of the Fifth Amendment entitles Sileymane D. to a bond hearing, the Court accepts the R&R and orders Respondents to provide Sileymane a bond hearing within 48 hours of this Order.

## BACKGROUND

Petitioner Sileymane D. is a citizen of Mauritania and entered the United States in 2023 to seek protection from persecution. (Pet. at 4.) An immigration judge ordered Sileymane D. removed two years later, and his timely appeal of that order is currently pending at the Board of Immigration Appeals ("BIA"). (*Id.* at 5.) Respondents' agents apprehended Sileymane D. at the border after he attempted to the return to the United States from a trip to Canada. (*Id.*) Sileymane D. has been in Respondents' custody for nearly nine months without a bond hearing. (*Id.* at 5–6.)

As in many other habeas corpus proceedings in this District, Sileymane D. seeks release from custody or a bond hearing. He argues that this detention without an individualized custody determination violates the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act.

Judge Foster issued an R&R recommending that the Court grant Sileymane D.'s petition in part and order a bond hearing because his detention without any process violates the Due Process Clause. (ECF No. 11). Respondents object (ECF No. 12).

## ANALYSIS

The Court reviews objections to the R&R *de novo*. The Court has already concluded that petitioners similarly situated to Sileymane D. have an important liberty interest—freedom from physical restraint—that is protected by the Due Process Clause.[1] *Felipe*

---

[1] In their objection to the R&R, Respondents argue that there is no need for this Court to analyze whether Due Process applies because of prior Supreme Court and Eighth Circuit holdings in *Demore* and *Banyee*. (ECF No. 12 at 5–7.) But this Court has already concluded that precedent does not foreclose these constitutional challenges to detention. *Felipe S.P.*,

*S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2020 WL 1911656, at *2 (D. Minn. July 2, 2026). Detention is a "constitutionally permissible" part of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 531 (2003). But when detention implicates a protected liberty interest, it must serve a constitutionally acceptable purpose. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024). Ensuring appearance at further immigration proceedings and limiting threats to public safety are interests that can justify detaining noncitizens like Sileymane D. *Felipe S.P.*, 2026 WL 1911656, at *4. As in *Felipe S.P.*, the Court assesses Sileymane D.'s due process claim using the balancing framework from *Matthews v. Eldridge*, 424 U.S. 319 (1976). *Felipe S.P.*, 2026 WL 1911656, at *7. This framework weighs (1) the private interest affected by government action; (2) the risk of erroneous deprivation of that interest based on the current procedures, and the probable value of additional or other procedural safeguards; and (3) the government's interest, "including the function involved and the fiscal and administrative burdens" of additional process. *Matthews*, 424 U.S. at 335.

***Private interest.*** Sileymane D.'s interest in being free from detention is fundamental and essential to his liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (noting a person's liberty cannot be abridged without "adequate procedural protections"). That interest in being free is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citing *Fouch v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.")). As Judge Foster found, Sileymane D.'s detention is little different than criminal detention. He is detained in Kandiyohi County Jail alongside pretrial criminal detainees and convicted prisoners serving sentences.

---

2026 WL 1911656, at *4–6 (distinguishing *Demore v. Kim*, 538 U.S. 510 (2003); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).

Sileymane D. also suffers from debilitating hip pain that causes difficulty walking and sleeping, which is exacerbated by his confinement. (Pet. at 2.)

And over the course of his three years living in the United States, Sileymane D. has established himself in this country. These roots strengthen his private interest. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (stating that noncitizens "who have established connections in this country have due process rights in deportation proceedings"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (explaining that noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). The first *Mathews* factor weighs strongly in Sileymane D.'s favor.

***Risk of erroneous deprivation.*** Sileymane D.'s detention must be reasonably related to its intended purpose. *Zadvydas*, 533 U.S. at 690 (reiterating that detention must bear a reasonable relation to its purpose). Detaining Sileymane D. without an individualized bond hearing assessing his flight and security risks poses a danger of a mistaken or unjustified deprivation of liberty. *E.g.*, *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 689–90 (S.D. Tex. 2026); *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 798 (S.D. Tex. 2026); *Chavero v. Bondi*, 818 F. Supp. 3d 836, 844–45 (W.D. Tex. 2025). But Section 1225(b)(2) does not provide Sileymane D. any procedure to challenge whether his detention serves those purposes; conversely, the probable value of a bond hearing assessing these facts is substantial. Sileymane D. is a human rights activist with no criminal record. Respondents do not argue that he creates a security or flight risk. *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 543 (E.D. Pa. 2026) ("Where, as here, the Government has not alleged circumstances that would indicate that [petitioner] poses a danger to the community or is a flight risk, the risk of an erroneous deprivation is higher."). The second *Mathews* factor weighs in favor of Sileymane D.

***Government interest & burden.*** The government has a strong interest and discretion in enforcing immigration law. *Muñoz*, 602 U.S. at 911–12; *Reno v. Flores*, 507 U.S. 292, 305 (1993) ("Over no conceivable subject is the legislative power of Congress more complete.") (citation modified). Accordingly, the Court weighs "heavily" that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Even so, Respondents have not shown that providing a bond hearing is a burden that outweighs Sileymane D.'s private interest and the risk of erroneous deprivation; it is not obvious that a bond hearing is particularly burdensome, nor have Respondents made any such suggestion. Any burden that a bond hearing may impose does not outweigh Sileymane D.'s strong private interest. *Id.*

On balance, the *Mathews* factors weigh in favor of Sileymane D., and due process requires that he receive a bond hearing.

Respondents object that petitioner already received the process due to him because he is undergoing the immigration removal process proscribed by legislation. (*See* ECF No. 12 at 2–5.) Respondents miss the point. The question here is whether Sileymane D.'s *detention*—not his immigration proceedings—is constitutional during those proceedings.

Sileymane D. argues that "immediate release—not merely another bond hearing—is the only constitutionally adequate remedy" because he is detained under Section 1226(a). (ECF No. 13 at 1, 5–6, 7.) Even so, the appropriate remedy is a bond hearing. 8 U.S.C. § 1226(a). The Court therefore grants his petition in part, and orders that Respondents provide a bond hearing. In reaching this conclusion, the Court does not predict the outcome of Sileymane D.'s bond hearing. It does not decide whether he is or is not a flight risk or whether he does or does not pose a danger to the community. The

Court does not concern itself with the answers to those questions. But the Constitution requires that Respondents give Sileymane D. a process by which to contest those determinations. Without it, his detention violates the Fifth Amendment.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Judge Foster's Report and Recommendation (ECF No. 11) is ACCEPTED;

2. Sileymane D.'s petition for a writ of habeas corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART;

    a. The Petition is GRANTED with respect to Petitioner's procedural due process claim, insofar as Petitioner requests a bond hearing as a remedy;

    b. The Petition is DENIED in all other respects;

3. Respondents are ORDERED to provide Petitioner with a bond hearing within 48 hours after the filing of this order;

4. Respondents are further ORDERED that, should the bond hearing result in Sileymane D.'s release, they must release him from custody:

    a. Inside the State of Minnesota;

    b. At a safe time and place communicated in advance to counsel; and

c. With all Sileymane D.'s personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cellphone, and keys;

5. If Sileymane D. does not receive a constitutionally adequate bond hearing within 48 hours of this order, Respondents are ORDERED to immediately release Sileymane D. from custody subject to the same conditions described in No. 4, above; and

6. Petitioner's motion for a temporary restraining order (ECF No. 4) is DENIED AS MOOT in light of the grant of the Petition.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 17, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge